IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFEREY SCOTT RANDALL, #798548, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-2223-M (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation. For the reasons set out below, it is recommended that the District Court dismiss the petition for writ of habeas corpus for want of jurisdiction because the claims are successive.

**I. BACKGROUND**

Petitioner, a state prisoner incarcerated within the Texas Department of Criminal Justice, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254, challenging the October 2009 Board of Pardons and Parole's (BPP's) decision to deny him release on mandatory supervision. In response to an order to show cause, Respondent contends the petition is successive, procedurally barred, and meritless. Petitioner filed no reply.

In 1997, Petitioner pled guilty to attempted sexual assault and was sentenced to fifteen years' imprisonment. *State v. Randall*, No. F97-02245-R (265th District Court, Dallas County). He twice challenged the BPP's decision to deny him release on mandatory supervision in state and federal habeas proceedings. *See Randall* v. *Quarterman*, No. 3:07-CV-2156-M, 2009 WL

2002262, *9-10 (N.D. Tex. 2009) (dismissing with prejudice claims challenging denial of release to mandatory supervision in 2005, 2006, and 2007, because Petitioner received all of the process that he was due), *certificate of appealability denied*, No. 09-10746 (5th Cir. Jan. 13, 2010); *Randall v. Director*, No. 6:09-CV-306-LED, 2010 WL 1903772 (E.D. Tex. 2010), *magistrate judge's recommendation accepted*, 2010 WL 1904003 (E.D. Tex. 2010) (dismissing as successive all claims relating to denial of release to mandatory supervision in 2003, 2004, 2005, 2006, and January 2007; dismissing as time barred claims relating to denial of release in December 2007; and dismissing with prejudice on the merits all claims arising from November 2008 denial of release), *appeal dism. for want of prosecution*, No. 10-40516 (2010).

In May 2010, after the denial of the second federal petition, Petitioner filed a third state habeas application challenging the BPP's October 2009 failure to release him on mandatory supervision. *Ex parte Randall*, WR-67,479-03 at 7, 14-16 (enclosed with State Habeas Court Record (SHCR). The Texas Court of Criminal Appeals dismissed the writ as successive in October 2010. *Id.* at cover.[1] This federal petition followed.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and

---

[1] The SHCR, submitted by Respondent, includes a copy of Petitioner's state habeas applications and state court rulings.

viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (same rule applies to section 2254 habeas petition).

Here, the federal petition is successive. The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a petition for habeas relief under section 2254 challenging the BPP's failure to release him on mandatory supervision – the October 2009 denial as well as the latest denial in October 2010.

Moreover, two federal courts previously rejected Petitioner's claims on the merits. The BPP's ultimate decision to deny release on mandatory supervision does not give rise to a due process claim. *See Boss v. Quarterman*, 552 F.3d 425, 428-29 (5th Cir. 2008) (Due Process Clause does not require parole panel to specify particular evidence in the inmate's record in support for its decision denying prisoner mandatory supervision). In addition, the Due Process Clause does not require a parole board to reach a particular result, but only to follow minimal

procedures – procedures Petitioner does not challenge in this case. *See Swarthout v. Cooke*, ___ U.S. ___, 131 S. Ct. 859, 862-63 (2011) (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979)) ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioners] received, not whether the state court decided the case correctly.").

Because, based on the proceedings in his prior cases, Petitioner is well aware that his claims are successive and meritless, the Court agrees with Respondent that this habeas petition should be dismissed without prejudice for want of jurisdiction, in lieu of transferring the same to the United States Court of Appeals for the Fifth Circuit under section 2244(b)(3)(A).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court DISMISS the habeas petition for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3)(A).

SIGNED July 13, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE